```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

TERRY L. AYRES and          )
TONI R. AYRES,              )
                            )
        Plaintiffs,         )
                            )
    v.                      )       NO. 3:12-CV-838
                            )
LOWE'S HOME CENTERS, INC.,  )
                            )
        Defendant.          )

## OPINION AND ORDER

This matter is before the Court on the Omnibus Motion for Leave to File Amended Complaint, for Permissive Joinder of Additional Nondiverse Party Defendant, and for Remand to Kosciusko Superior Court No. 3, filed by Plaintiffs on January 21, 2013. For the reasons set forth below, the motion is **GRANTED**. The Clerk is **ORDERED** to file the Amended Complaint accompanying the instant motion as of the date of this Opinion and Order and to **REMAND** this case to Kosciusko Superior Court No. 3.

BACKGROUND

On November 16, 2012, Plaintiffs Terry L. Ayres and Toni R. Ayres filed a complaint against Lowe's Home Centers, Inc. ("Lowe's") in the Kosciusko Circuit Court, under cause number 43D03-1211-CC-775. The complaint stems from a dispute regarding a contract for the installation of a roof, flashing, decking, vents and fascia. Lowe's removed the action to this Court on December

17, 2012.  The removal was based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  On January 21, 2013, Plaintiffs filed the instant motion.  Plaintiffs seek to amend their complaint to add Brian J. Nelson ("Nelson"), the individual whom Lowe's contracted with to complete the work on the Ayres' property.  The joinder of Nelson, a citizen of Indiana, would destroy diversity of citizenship and for that reason the Ayres' ask that the case be remanded to the Kosciusko Superior Court.  Defendant has not objected to the instant motion, and it is ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires."  However in the instant case, allowing the complaint to be amended will destroy subject matter jurisdiction.  Joinder of non-diverse parties after an action has been removed to federal court is governed by 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  The only two options the Court has are to deny joinder or permit joinder and remand the case to the state court.  *Schur v. LA. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009).  The Seventh Circuit has held that the following factors

are relevant to this determination: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.*

In this case, Defendant Lowe's has not responded or otherwise opposed either the motion to amend the complaint or the motion to remand the case. It appears that joinder of Nelson is proper, and it does not appear that the Ayres' are seeking to join Nelson solely to defeat diversity jurisdiction. The Ayres' complaint appears to state a valid legal claim for relief against Nelson. Furthermore, it is early in the litigation and the request is timely. Because the joinder of Nelson appears appropriate, the motion to amend the complaint is granted. And, because Nelson will be added, diversity is destroyed and this case must be remanded to the Kosciusko Superior Court.

CONCLUSION

For the reasons set forth above, the motion is **GRANTED**. The Clerk is **ORDERED** to file the Amended Complaint accompanying the instant motion as of the date of this Opinion and Order and to **REMAND** this case to Kosciusko Superior Court No. 3.

**DATED: March 12, 2013**        /S/RUDY LOZANO, Judge
                                 **United States District Court**